# EXHIBIT 10

# AMENDMENT TO INDEPENDENT DIRECTOR SERVICE AGREEMENT

This AMENDMENT TO INDEPENDENT DIRECTOR SERVICE AGREEMENT (this "**Amendment**") is made as of January 2, 2022, by and among Easterday Farms Partnership, a General Partnership organized under the laws of the State of Washington ("**Easterday Farms**") and Easterday Ranches, Inc., a Washington corporation ("**Easterday Ranches**", and each of Easterday Farms and Easterday Ranches are sometimes referred to herein as a "**Company**" or the "**Debtor**" and collectively are sometimes referred to herein as the "**Companies**" or the "**Debtors**"), and Thomas Saunders V (the "**Director**", and collectively with the Company or Companies, the "**Party**" or "**Parties**"). This Amendment is made with reference to the following facts:

   A. Companies and Director are parties to those certain Independent Director Service Agreements, each dated as of as of January 31, 2021 (the "**Agreement**"). All capitalized terms not otherwise defined herein have the meanings given for said terms in the respective Agreement as referenced.

   B. On December 15, 2021, the Bankruptcy Court entered an *Order (A) Approving Private Sale of Limited Liability Company Interest, (B) Approving Assumption and Assignment of Limited Liability Company Agreement, and (C) Granting Related Relief* (the "**Sale Order**") [Dkt. No. 1307]. The sale of the assets subject to the Sale Order closed on December 30, 2021.

   C. Upon closing on December 30, 2021, the Debtors had completed the sale of substantially all of the assets of each Debtor's estate.

   D. The Agreement provides that the Term shall conclude upon the earliest to occur of (i) thirty (30) days following the closing of the sale of substantially all of each Debtor's estate pursuant to 11 U.S.C. Section 363, (ii) the effective date of any Chapter 11 plan confirmed in the Debtor's chapter 11 case, (iii) the Director's resignation or removal, and (iv) the Director's death or disability.

   E. The Parties seek to amend the Agreement to provide that the Term shall continue until the earliest to occur of (i) the effective date of any Chapter 11 plan confirmed in the Debtor's chapter 11 case, (ii) the Director's resignation or removal from the board of directors of both Debtors, and (iii) the Director's death or disability. ALL TERMS AND PROVISIONS OF THE AGREEMENT NOT SPECIFICALLY MODIFIED HEREIN SHALL REMAIN IN FULL FORCE AND EFFECT IN ACCORDANCE WITH THEIR ORIGINAL TERMS.

   NOW, THEREFORE, in consideration of: (i) the above recitals and the mutual promises contained in this Amendment; (ii) the execution of this Amendment; and (iii) for other and further valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby agreed as follows:

1. Incorporation of Recitals.  Each of the foregoing Recitals is incorporated herein by this reference, and the parties agree that each of such Recitals is true and correct in all respects.

2. Term of Agreement.  The first sentence of Section 2 of the Agreement is hereby amended and restated in its entirety as follows:

"The term of this Agreement (the "**Term**") shall be from the Effective Date until the earliest to occur of (i) effective date of the Plan, (ii) the Director's resignation or removal from the board of directors of both Debtors, and (iii) the Director's death or disability."

3. Reference to and Effect on Agreement.  On and after the date of this Amendment, each reference in the Agreement to "this Agreement," "hereunder," "hereof," "herein" or any other expression of like import referring to the Agreement shall mean and be a reference to the Agreement as amended by this Amendment.  ALL TERMS AND PROVISIONS OF THE AGREEMENT NOT SPECIFICALLY MODIFIED HEREIN SHALL REMAIN IN FULL FORCE AND EFFECT IN ACCORDANCE WITH THEIR ORIGINAL TERMS.

5. Governing Law.  This Amendment shall be construed and interpreted in accordance with and shall be governed by the laws of the State of Washington without giving effect to conflict of laws or other principals that may result in the application of laws other than the internal laws of the State of Washington.

6. Successors, Assignment.  This Amendment shall be binding on and inure to the benefit of all of the parties hereto, and upon the heirs, executors, administrators, legal representatives, successors and assigns of the parties hereto, and each of them.

7. Complete Agreement of Parties.  This Amendment constitutes the entire agreement between Debtors and Director arising out of, related to or connected with the subject matter of this Amendment.  Any supplements, modifications, waivers or terminations of this Amendment shall not be binding unless executed in writing by the parties to be bound thereby.  No waiver of any provision of this Amendment shall constitute a waiver of any other provision of this Amendment (whether similar or not), nor shall such waiver constitute a continuing waiver unless otherwise expressly so provided.

8. Authority.  Debtors and Director each represent and warrant that: (i) each has full authority to execute this Amendment; (ii) the execution, delivery and performance of this Amendment does not require the consent or approval of any person, entity, governmental body, trust, trustor or other authority; and (iii) this Amendment is a valid, binding and legal obligation of the Parties enforceable in accordance with its terms, and does not contravene or conflict with any other agreement to which any of the Debtors or Director is a party.

9. Execution in Counterparts. This Amendment may be executed in one or more counterparts (including by facsimile or portable document format (.pdf) for the convenience of the Parties hereto, each of which shall be deemed an original, but all of which together shall constitute one

and the same instrument. No signature page to this Amendment evidencing a Party's execution hereof shall be deemed to be delivered by such Party to any other Party hereto until such delivering Party has received signature pages from all Parties signatory to this Amendment.

10. <u>Contradictory Terms/Severability</u>.  In the event that any term or provision of this Amendment contradicts any term or provision of any other document, instrument or agreement between the parties including, but not limited to, the Agreement, the terms of this Amendment shall control.  If any provision of this Amendment shall be invalid, illegal or otherwise unenforceable, such provision shall be severable from all other provisions of this Amendment, and the validity, legality and enforceability of the remaining provisions of this Amendment shall not be adversely affected or impaired, and shall thereby remain in full force and effect.

11. <u>Headings</u>.  All headings contained herein are for convenience purposes only, and shall not be considered when interpreting this Amendment.

12. <u>Continuing Cooperation</u>.  The parties hereto shall cooperate with each other in carrying out the terms and intent of this Amendment, and shall execute such other documents, instruments and agreements as are reasonably required to effectuate the terms and intent of this Amendment.

IN WITNESS WHEREOF, the Parties have executed this Amendment as of the date first above written.

**COMPANIES:** Easterday Farms Partnership, a General Partnership;
Easterday Ranches, Inc. a Washington corporation

By: /s/ Scott Avila
Name: Scott Avila

Title: Chief Restructuring Officer
633 W. 5th Street, 28th Floor
Los Angeles, CA 90071
Email: Savila@paladinmgmt.com

**DIRECTOR:**

By: _____
Name: Thomas Saunders V
4414 Old Dennis Road
Weatherford, Texas 76087
Email: thomassaunders5@gmail.com

By: _____
    Name: Scott Avila

    Title: Chief Restructuring Officer
    633 W. 5th Street, 28th Floor
    Los Angeles, CA 90071
    Email: Savila@paladinmgmt.com

**DIRECTOR:**

By: *[signature: Thomas Saunders V]*
Name: Thomas Saunders V
4414 Old Dennis Road
Weatherford, Texas 76087
Email: thomassaunders5@gmail.com