So Ordered.

Dated: March 24th, 2022



Whitman L. Holt
Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br>EASTERDAY RANCHES, INC., *et al.*<br>Debtors.[1] | Chapter 11<br>Lead Case No. 21-00141-WLH11<br>Jointly Administered |
| EASTERDAY RANCHES, INC. and EASTERDAY FARMS,<br>Plaintiffs,<br>v.<br>ESTATE OF GALE A. EASTERDAY (DECEASED), KAREN L. EASTERDAY, CODY A. EASTERDAY, AND DEBBY EASTERDAY<br>Defendants. | Adv. Proc. No. 21-80050 (WLH) |
| EASTERDAY FARMS,<br>Plaintiffs,<br>v.<br>3E PROPERTIES, JODY EASTERDAY, ESTATE OF GALE A. EASTERDAY (DECEASED), KAREN L. EASTERDAY, CODY A. EASTERDAY, AND DEBBY EASTERDAY,<br>Defendants. | Adv. Proc. No. 21-80057 (WLH) |

---

[1] The Debtors along with their case numbers are as follows: Easterday Ranches, Inc. (21-00141) and Easterday Farms, a Washington general partnership (21-00176).

SCHEDULING AND ABATEMENT ORDER – Page 1

| | |
|---|---|
| EASTERDAY RANCHES, INC., | Adv. Proc. No. 22-80008 (WLH) |
| Plaintiffs, | |
| v. | **SCHEDULING AND ABATEMENT ORDER** |
| ESTATE OF GALE A. EASTERDAY (DECEASED), KAREN L. EASTERDAY, CODY A. EASTERDAY, AND DEBBY EASTERDAY, | |
| Defendants. | |

Debtor Easterday Ranches, Inc. ("Ranches"), Debtor Easterday Farms, a Washington general partnership ("Farms," and together with Ranches, the "Debtors"), Karen L. Easterday in her individual capacity and as representative of the Estate of Gale A. Easterday ("K. Easterday"), Cody A. Easterday ("C. Easterday"), Debby Easterday ("D. Easterday"), Jody Easterday ("J. Easterday," and collectively with K. Easterday, C. Easterday, and D. Easterday, the "Easterdays"), 3E Properties, a Washington general partnership ("3E," and collectively with the Debtors and the Easterdays, the "Parties"), are each parties to some or all of the following cases pending in the United States Bankruptcy Court for the Eastern District of Washington: above-referenced chapter 11 Ccases (the "Chapter 11 Cases"), Adversary Case Number 21-80050-WLH (the "Allocation Adversary Proceeding"), Adversary Case Number 21-80057-WLH (the "3E Adversary Proceeding"), and Adversary Case Number 22-80008-WLH (the "Governance Adversary Proceeding," and collectively with the Allocation Adversary Proceeding, and the 3E Adversary Proceeding, the "Adversary Proceedings," and together with the Chapter 11 Cases, the "Cases"):[2]

    1.    <u>Stay of All Proceedings and Maintenance of Status Quo</u>. Pursuant to the Parties' agreement as announced at a March 16, 2022 hearing in the Governance Adversary Proceeding, any and all activity in the Cases, except for settlement negotiations, and discovery, briefing, and preparation related to an in-person,

---

[2] Unless otherwise indicated, references to a particular Docket Number shall refer to Docket Numbers in the Chapter 11 Cases.

SCHEDULING AND ABATEMENT ORDER – Page 2

evidentiary hearing (the "PI Hearing") in the Governance Adversary Proceeding on the preliminary injunction requested in the complaint [Governance Adv. Pro. Docket No. 1] (the "Preliminary Injunction") and except for any motions, applications, or contested matters in the Chapter 11 Cases involving non-Parties (including all pending motions for relief from stay), shall be stayed pending a decision from the court on the Preliminary Injunction, and the status quo shall be maintained unless otherwise agreed by all Parties (the "Status Quo Period"). During the Status Quo Period, the following shall apply:

  a. Maintaining the appointment of the Directors (without determining the authority to act) as the Debtors' sole directors, to the extent in place on March 11, 2022. ~~Provided, however,~~ ~~d~~During the Status Quo Period, the Directors shall have the ~~sole~~ authority, on behalf of the Debtors, to (i) ~~take, authorize, or direct such action as they deem necessary for the preservation and maintenance of the Debtors' estates, (ii)~~ engage in negotiations with respect to a global case resolution and resolution of the Preliminary Injunction and the Governance Adversary Proceeding, as well as authorize any such resolution and any acts to implement any such resolution; ~~(iii) to take or direct actions in connection with the prosecution of the Governance Adversary Proceeding on behalf of the Debtors, and (iv) to~~ (ii) participate in the prosecution of the Governance Adversary Proceeding (including by providing testimony); and (iii) take such other actions as mutually agreed between the Parties or separately authorized by the court.[3] Nothing in this subparagraph will restrict or limit actions, if any, that the Directors may wish to take in their individual capacities regarding the Governance Adversary Proceeding, including submission of any separate briefing.

  b. Authorizing T. Scott Avila and Peter Richter, solely in their capacities as the Debtors' Co-Chief Restructuring Officers, as supported by the additional personnel of Paladin Management Group, LLC, to take, authorize, or direct

---

[3] "Directors" shall refer to Mr. R. Todd Neilson, Mr. Craig Barbarosh, and Mr. Thomas Saunders V.

SCHEDULING AND ABATEMENT ORDER – Page 3

all actions they reasonably believe are ~~or may be~~ necessary or appropriate to maintain and preserve the Debtors' chapter 11 estates.

2. <u>Hearing on Preliminary Injunction and Discovery with Respect Thereto</u>. The PI Hearing shall commence on April 18, 2022 at 11:00 a.m. (Pacific Time) and may continue thereafter as determined by the court.

    a. All parties to the Governance Adversary Proceeding shall file supplemental briefing with respect to the Preliminary Injunction in the Governance Adversary Proceeding no later than April 14, 2022 at 5:00 p.m. (Pacific Time).

    b. No deposition in the Governance Adversary Proceeding shall occur prior to March 28, 2022. The Parties will work together to schedule mutually agreeable deposition times and locations.

    c. Pretrial discovery shall occur on a schedule to be agreed upon by the Parties, or as may be ordered by the court.

3. <u>The Abated Matters</u>. The court shall hold a status and scheduling conference on the following matters (collectively, the "<u>Abated Matters</u>") at the conclusion of the PI Hearing (the "<u>Scheduling Conference</u>"):

    a. *Notice of Hearing and Joint Motion for an Order Approving: (I) Proposed Disclosure Statement; (II) Solicitation and Voting Procedures; (III) Notice and Objection Procedures for Confirmation of Joint Plan of Reorganization; and (IV) Granting Related Relief* [Docket No. 966] (the "<u>Disclosure Statement and Solicitation Procedures Motion</u>");

    b. *Karen L. Easterday's Motion to Compel* [Docket No. 1480];

    c. *Notice of and Motion of Party in Interest Debby Easterday for the Appointment of an Examiner* [Docket No. 1482];

    d. Allocation Adversary Proceeding; and

    e. 3E Adversary Proceeding.

SCHEDULING AND ABATEMENT ORDER
– Page 4

4. <u>Effect of Abatement.</u> The Parties need take no action, including, *inter alia*, the production of documents or responding (including the filing of responsive pleadings), with respect to any of the Abated Matters, pending entry of an appropriate scheduling order (or docket notation by the court, as the case may be) following the Scheduling Conference. For the avoidance of doubt, the Allocation Adversary Proceeding and the 3E Adversary Proceeding shall be held in abeyance, and any deadline to respond (including the filing of any responsive pleading), provide documents, or conduct a deposition, including as may be applicable to any non-Party, shall be tolled from the date of entry of this Order though and including the date of entry of an appropriate scheduling order in such cases, pending the outcome of the PI Hearing. Without any limitation, this paragraph shall expressly apply to *Karen Easterday's Motion to Compel Discovery* [Allocation Adv. Pro. Docket No. 65] and *Karen L. Easterday's Motion for Summary Judgment* [Allocation Adv. Pro. Docket No. 66], and no hearing shall be conducted thereon until the entry of an appropriate scheduling order. The deadline for Farms' Official Committee of Unsecured Creditors to file any opposition to the Disclosure Statement and Solicitation Procedures Motion and relief requested therein shall be tolled pending entry of an appropriate scheduling order (or docket notation by the court, as the case may be) following the Scheduling Conference.

5. <u>The 9019 Motions.</u> Provided that the Debtors and any objecting party do not submit proposed consensual orders under certificate of counsel prior thereto (which consensual orders may be negotiated and submitted notwithstanding the general stay set forth in paragraph 1 above), the following motions shall be heard on a substantive basis at the conclusion of the PI Hearing:

   a. *Debtors' Motion Under Bankruptcy Rule 9019 for Order Approving Settlement Agreement and Release with Washington Trust Bank* [Docket No. 1431]; and

   b. *Debtors' Motion to Approve Settlement with CHS Inc. Under Fed. R. Bankr. P. 9019* [Docket No. 1433].

SCHEDULING AND ABATEMENT ORDER
– Page 5

6. <u>Reservation of Rights</u>. Nothing herein is intended to, nor shall it be construed to be, a waiver of any of the Parties' rights, including with respect to, *inter alia*, the Cases, the Abated Matters, the TRO Motion, or the PI Hearing.

7. <u>Application to Chapter 11 Cases and Adversary Proceedings</u>. Following entry of this Order in the Governance Adversary Proceeding, the Debtors shall file a copy of this Order in the Chapter 11 Cases and each of the other Adversary Proceedings to which it shall apply with full force and effect. ~~Notwithstanding anything to the contrary, t~~This Order shall be effective upon entry on the docket in the Governance Adversary Proceeding.

8. <u>Retention of Jurisdiction</u>. This court shall retain exclusive jurisdiction and power to interpret and enforce the terms of this Order.

/// END OF ORDER ///

\* changes to Debtors' proposed form of order made by court

SCHEDULING AND ABATEMENT ORDER
– Page 6